ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 19 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| GW EQUITY LLC, GWBS, INC. and GREAT WESTERN BUSINESS SERVICES, LLC. ) ) ) ) v. ) ) PBS GLOBAL, INC. f/k/a PRUDENTIAL ) BUSINESS SERVICES, INC., JOHN ) PERSAUD, RICHARD MEIER, LAHNY ) McCRAY, DALE GRANGER, JOSEPH C. ) KISER, WAYNE LEE, WILLIAM JACOBS ) and FRED RODDA ) _____ ) | NO.   #3-05CV0.800-R |

**MEMORANDUM OF LAW IN SUPPORT
TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT AND FIRST AMENDED
COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF**

On April 22, 2005, Plaintiffs GW Equity LLC, GWBS, Inc. and Great Western Business Services, LLC ("Plaintiffs") filed a Verified Original Complaint and Application for Injunctive Relief including a Temporary Restraining Order. Plaintiffs' Complaint attached an unsigned document purporting to be a contract between GWBS, LLC (a party not listed as a plaintiff) and an unidentified "independent contractor." Plaintiffs also filed a proposed Order Accepting Temporary Restraining Order Bond Money into The Registry of the Court, Plaintiffs' Certificate of Interested Persons, and a proposed Temporary Restraining Order at the same time Plaintiffs filed their Verified Original Complaint.

**MEMORANDUM OF LAW IN SUPPORT TO DISMISS PLAINTIFFS'
VERIFIED COMPLAINT AND FIRST AMENDED COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF–Page 1**
999999 999998 DALLAS 1887706.1

dockets.Justia.com

On April 27, 2005, Plaintiffs obtained from this Court a Temporary Restraining Order ("TRO"). Prior to the entry of the TRO, the Plaintiffs made no attempt to provide notice of the TRO, either by phone or mail, to any of the Defendants. The TRO does not certify that Plaintiffs attempted to give notice prior to the submission of the TRO.[1]

The TRO was signed on April 27, 2005, at 10:00 a.m., by its terms expiring on May 16, 2005 and a bond in the amount of One Thousand Dollars and No Cents ($1,000.00) was set by this Court.

This Court also set a hearing on Plaintiffs' request for preliminary injunction for May 19, 2005, at 10:00 a.m., and indicated that "a conference may be held promptly at Defendants' request to discuss this matter".

On May 13, 2005, Plaintiffs filed a First Amended Complaint. (The complaints are collectively referred to as "Complaints").

## BACKGROUND

### A.   FACTS COMMON TO ALL DEFENDANTS

The Defendants in this case reside in at least the following jurisdictions: Florida, Oregon, California, Arkansas, Montana, Virginia and North Carolina.

Some Defendants, including PBS Global, Inc., f/k/a Prudential Business Services, Inc., have been served with Plaintiffs' Verified Original Complaint and Application for Injunctive Relief, Including a Temporary Restraining Order. Other Defendants have not been served with either the Complaint or the TRO. Most defendants have not been served with the First Amended Complaint.

---

[1] This lack of notice and certification is in violation of Fed. R. Civ. P. 65(b). The Verified Complaints assert that these allegations are made "on information and belief." See Complaint and First Amended Complaint at pp. 1-2). The Complaint and Verified Complaint are "verified" only as to "Section V and Count Four of Section VI (sic)."

Plaintiffs' Complaints are not specific regarding actions taken by any of the Defendants, but they do allege a variety of causes of action arising from the contracts signed, or purported to be signed, by the individual defendants. Plaintiffs' allege breach of contract, misappropriation of confidential information, breach of fiduciary duty, tortuous interference, Texas Theft Liability Act, claims related to unfair competition, and violations of RICO.

While Plaintiffs' Complaints allege that it will suffer irreparable injury if Defendants are not immediately enjoined, Plaintiffs do not specify what, if any, immediate and irreparable injury this may be, nor do Plaintiffs allege that monetary damages would be insufficient to compensate them for any alleged damages. Plaintiffs give no specific indication of any form of harm they allege to be "irreparable" and immediate. Although the unsigned tendered "contract" waives "private and exemplary damages," Plaintiffs' Complaints seek "exemplary damages." (*See* Exhibit 1 to Plaintiff's Complaint at p. 7, Damages Waiver).

Plaintiffs further allege that "there is a substantial risk that Defendants would destroy or conceal evidence if notice is given," but Plaintiffs do not seek a TRO to prevent Defendants from allegedly destroying such evidence. Plaintiffs' Complaints contain no recitation of any immediate or irreparable harm.

### B. INDEPENDENT CONTRACTOR AGREEMENT

The unsigned agreement submitted by Plaintiffs purports to be an independent contractor agreement between an entity called GWBS, LLC[2] and the individual defendants. This agreement provides, among other things, that disputes will be arbitrated. (*See* Exhibit 1 to Plaintiffs' Complaint at p.6, Dispute Resolution).

---

[2] GWBS LLC is not a party plaintiff.
MEMORANDUM OF LAW IN SUPPORT TO DISMISS PLAINTIFFS'
VERIFIED COMPLAINT AND FIRST AMENDED COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF–Page 3
999999 999998 DALLAS 1887706.1

The dispute resolution provision of this agreement states as follows:

**Dispute Resolution**: IC [independent contractor] unequivocally consents and agrees that venue and jurisdiction over and aspect of the Agreement shall be in Dallas County, Texas. In addition, both GWBS and IC agree that any controversy or claim *arising out of or relating to this contract, or the breach thereof, is subject to arbitration under the Federal Arbitration Act and shall be settled by binding arbitration to be conducted in Dallas, Texas and administered by the American Arbitration Association* in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The costs of any arbitration shall be borne equally by the parties. A willful violation of this provision or any breach of this Agreement by Owner shall entitle GWBS to specific performance of this Agreement, to recover actual damages, to recover liquidated damages as stated herein and to receive reimbursement for GWBS' expenses and attorneys' fees incurred in securing enforcement herein. (*See id.*)(emphasis added)

In the section marked "Injunctive Relief," GWBS states as follows:

**Injunctive Relief**: IC understands that any violation of this Agreement by IC, its Sub-Contractors or representatives will cause GWBS immediate an irreparable harm which money damages cannot adequately remedy. Therefore, upon any actual or impending violation of this Agreement, IC, its Sub-Contractors and representatives consent to the issuance of a restraining order, preliminary and/or permanent injunction, without bond, restraining or enjoining such violation by IC, its Sub-Contractors, or representatives. IC understands that such orders are additional to and do not limit the availability to GWBS of any other remedy. (*See id.*)

In the section marked "Governing Law," GWBS states that:

**Governing Law**: The Terms and Conditions of this Agreement shall be construed pursuant to and in accordance with the laws of the state of Texas and all of the covenants and obligations hereunder are fully enforceable and performable in the City of Dallas, Dallas County, Texas. (*See id.* at p.7)

## EXHIBITS

In support of their arguments, Defendants rely on the following evidence:

1. The Independent Contractor Agreement attached to Plaintiff's Verified Original Complaint and Application for Injunctive Relief, Including a Temporary Restraining Order as Exhibit 1 ("Agreement") and incorporated herein for all purposes; and

    2.    The AAA Commercial Rules attached hereto as Exhibit A and incorporated herein for all purposes.

## ARGUMENT

**A.    THE PARTIES ARE COMPELLED TO ARBITRATE, AND THIS COURT MUST DISMISS PLAINTIFFS' CLAIM DUE TO LACK OF SUBJECT MATTER JURISDICTION.**

    **1.    The American Arbitration Association's Commercial Arbitration Rules authorize arbitrators to grant injunctive relief.**

The American Arbitration Association ("AAA") has issued rules and procedures regarding commercial disputes. In these Commercial Arbitration rules and procedures, a party initiating a claim must initiate the claim with AAA by giving the other party written notice of its intention to arbitrate by providing a statement "setting forth the nature of the dispute," and by filing two (2) copies of the demand and two (2) copies of the arbitration provisions of the contract together with the appropriate filing fee to AAA. (AAA Commercial Arbitration Rule, R-4.)

The AAA arbitrator "shall have the power to rule on his or her own jurisdiction, including any objection with respect to the existence, scope, validity of the arbitration agreement." (AAA Commercial Arbitration Rule, R-7). The arbitration panel is then empowered to conduct proceedings, to gather evidence, and to issue appropriate orders regarding the claims.

AAA Commercial Arbitration Rule, R-34 (emphasis added) specifically authorizes an arbitrator to grant injunctive relief[3]:

---

[3] Texas federal and state court cases have recognized that arbitrators have the authority to grant injunctive relief. See e.g., Positive Software Solutions, Inc. v. New Century Mortgage Corp., 90 Fed. Appx. 728, 730, 2004 WL 249595 *1 (5th Cir. 2004)(the district court sent the case to arbitration, "noting that the arbitrator had authority to grant injunctive relief); J.J. Gregory Gourmet Services, Inc. v. Antone's Import Co., 927 S.W.2d 31, 36 (Tex. App.—Houston [1st Dist.] 1995, no writ)(a court ought to interpret a broad arbitration clause, which does not have

(a) The arbitrator may take whatever interim measures he or she deems necessary, *including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.*

(b) such interim measures may be taken in the form of an interim award, and the Arbitrator shall require security for the cost of such measures.

(c) a request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. (*See* Exhibit A)(emphasis added).

AAA Commercial Arbitration Rule, R-53 states "the arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties."

AAA Commercial Arbitration Rules also provide "optional rules for emergency measures of protection" which include the provisions of O-1, *Applicability*.

O-1, *Applicability*, states the following:

where parties, by special agreement or in their arbitration clause, have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the Panel shall notify the AAA and other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good-faith to notify other parties.

AAA then appoints an emergency arbitrator pursuant to AAA Commercial Arbitration Rule O-2. The schedule is then set forth and an interim award is given along with security for an interim award (bond).

Here, in spite of the document purportedly drafted by the Plaintiffs and allegedly signed by all individual Defendants, no arbitration claim has been initiated with AAA. Contrary to the agreement, Plaintiffs have initiated this action by filing a Complaint in U.S. District Court and

---

any specific language prohibiting the arbiters from granting injunctive relief, as granting arbitrators the authority to award injunctive relief).

**MEMORANDUM OF LAW IN SUPPORT TO DISMISS PLAINTIFFS'**
**VERIFIED COMPLAINT AND FIRST AMENDED COMPLAINT AND**
**APPLICATION FOR INJUNCTIVE RELIEF–Page 6**
999999 999998 DALLAS 1887706.1

have not initiated an action with AAA. Additionally, Plaintiffs have not sought emergency relief or injunctive relief through AAA, though that relief is available through AAA.

2. **The Independent Contractor Agreement's arbitration clause is broad and should be interpreted in favor of arbitration.**

The arbitration clause in the Agreement specifically refers to the Federal Arbitration Act. Title 9 U.S.C. § 2 of the Federal Arbitration Act reads as follows:

> § 2 Validity, Irrevocability and Enforcement of Agreements to Arbitrate
>
> A written provision in any maritime transaction of a contract evidencing a transaction *involving commerce* to settle be arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, *shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.*

If a plaintiff's agreement is valid and enforceable, then the arbitration clause is enforceable in accordance with the terms of the agreement and the Federal Arbitration Act. See Circuit City Stores v. Adams, 532 U.S. 105 (2001), Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). The U.S. Supreme Court reiterated in Gilmer that, "having made the bargain to arbitrate, the party should be held to it unless Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." Id., 500 U.S. at 26 (no such preclusion applies in the present case). In Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), the U.S. Supreme Court stated that the Federal Arbitration Act "is a congressional declaration of a liberal federal policy favoring arbitration agreements."

Further, if a given clause is broad, there is a presumption in favor of arbitration. See Webb v. Investacorp, Inc., 89 F.3d 252 (5th Cir. 1996). Clauses containing language requiring arbitration of "any controversy or claim" arising out of or relating to an agreement or breach

thereof constitute the paradigm of a broad clause intended to reach all aspects of a party's relationship. See, e.g., Pennzoil Exploration and Production Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1068 (5th Cir. 1998); Neal v. Hardee's Food Systems, Inc., 918 F.2d 34 (5th Cir. 1990).

The unsigned sample "Independent Contractor Agreement" attached to the Complaint requires the parties to "submit any controversy or claim arising out of or relating to th[e] contract, or the breach thereof," to arbitration "under the Federal Arbitration Act," and these "controvers[ies] or claim[s]" shall be settled by "binding arbitration to be conducted in Dallas, Texas and administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules." (*See* Exhibit 1 to Plaintiffs' Complaint at p. 7). This clause is a broad clause, indicating that the parties agreed to arbitrate any controversy or claim arising out of the Agreement, including a claim requesting injunctive relief.

If the parties have, indeed, contracted (Plaintiffs have yet to provide signed contracts) to submit all of their claims arising out of the Agreement to arbitration, then the AAA, and not this Court, has subject matter jurisdiction over these claims. A court may dismiss a lawsuit when it determines that all of the issues involved are subject to arbitration. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1164, 1164 (5th Cir. 1992). As such, Plaintiffs' claims must be dismissed pursuant to Fed. Rule of Civ. P. 12(b)(1) for lack of subject matter jurisdiction. This Court's jurisdiction under the Federal Arbitration Act is limited to an action filed by a party to compel arbitration and an action filed by a party to enforce an arbitration award. Plaintiff's Complaints do neither.

B.  **THIS COURT SHOULD DECLINE TO ISSUE A PRELIMINARY INJUNCTION AND SHOULD DECLINE TO REISSUE A TEMPORARY RESTRAINING ORDER**

Prior to the entry of the TRO in this matter, the Plaintiffs made no attempt to provide notice of the TRO, either by phone or mail, to any of the Defendants. The TRO does not certify that Plaintiffs attempted to give notice prior to the submission of the TRO. This lack of notice and certification is in violation of Fed. R. Civ. P. 65(b), which states that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, *and* (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Due to this failure to give notice, the temporary restraining order must be dissolved. The Supreme Court has indicated that notice requirement contained in Federal Rule of Civil Procedure 65 is more than a mere procedural formality. Rather, rule 65(b)'s stringent restrictions on the availability of *ex parte* temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974). Because of this failure to provide notice, the temporary restraining order must be dissolved. See Phillips v. Chas. Schreiner Bank, 894 F.2d 127 (5th Cir. 1990).

Moreover, even if this Court were to find that it had jurisdiction to do so, this Court should decline to issue any preliminary injunction in this matter. Fed. R. Civ. P. 65(a)(1) states that "[n]o preliminary injunction shall be issued without notice to the adverse party." As stated above, only two of the individual named defendants and the corporate defendant have been

served. Additionally, the Plaintiffs' application for injunctive relief and proposed order do not meet the specificity requirements of Rule 65(d), which states that:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.

Plaintiffs' application for injunctive relief lacks specificity regarding the alleged irreparable harm and immediate injury and is unsupported with affidavits or verification regarding factual allegations made in the Complaint and must be denied.

## CONCLUSION

For the reasons stated, this Court should dismiss Plaintiffs' claims with prejudice and should deny Plaintiffs' application for injunctive relief.

Respectfully submitted,

TILFORD DOBBINS ALEXANDER
BUCKWAY & BLACK, LLP

By: _____
    Stuart E. Alexander III
    Kathleen M.W. Schoen

401 West Main Street, Ste. 1400
Louisville, Kentucky 40202
Tele: (502) 584-1000
Fax: (502) 584-2318


THOMPSON & KNIGHT LLP

By: _____
    Molly Steele
    State Bar No. 19102500
    Amber B. Shockey
    State Bar No. 24033065

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Tele: (214) 969-1700
Fax: (214) 969-1751

ATTORNEYS FOR DEFENDANTS
PBS GLOBAL, INC. F/K/A PRUDENTIAL
BUSINESS SERVICES, INC., BILL JACOBS,
DALE GRANGER AND FRED RODDA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand delivered this 19th day of May, 2005, to:

**MCCREARY & STOCKFORD, LP**
David s. McCreary
Cory S. Hartsfield
18383 Preston Road, Ste. 150
Dallas, Texas 75252-5476

_____
Stuart E. Alexander III

**MEMORANDUM OF LAW IN SUPPORT TO DISMISS PLAINTIFFS'
VERIFIED COMPLAINT AND FIRST AMENDED COMPLAINT AND
APPLICATION FOR INJUNCTIVE RELIEF–Page 11**
999999 999998 DALLAS 1887706.1





**Commercial Arbitration Rules and Mediation Procedures**
**(Including Procedures for Large, Complex Commercial Disputes)**
Amended and Effective July 1, 2003 -- click here to view a summary of the most recent changes

**TABLE OF CONTENTS**

IMPORTANT NOTICE
INTRODUCTION
Standard Arbitration Clause
Administrative Fees
Mediation
Large, Complex Cases


**COMMERCIAL MEDIATION PROCEDURES**
M-1. Agreement of Parties
M-2. Initiation of Mediation
M-3. Requests for Mediation
M-4. Appointment of the Mediator
M-5. Qualifications of the Mediator
M-6. Vacancies
M-7. Representation
M-8. Date, Time, and Place of Mediation
M-9. Identification of Matters in Dispute
M-10. Authority of the Mediator
M-11. Privacy
M-12. Confidentiality
M-13. No Stenographic Record
M-14. Termination of Mediation
M-15. Exclusion of Liability
M-16. Interpretation and Application of Procedures
M-17. Expenses
ADMINISTRATIVE FEES


**COMMERCIAL ARBITRATION RULES**
R-1. Agreement of Parties
R-2. AAA and Delegation of Duties
R-3. National Roster of Arbitrators
R-4. Initiation under an Arbitration Provision in a Contract
R-5. Initiation under a Submission
R-6. Changes of Claim
R-7. Jurisdiction
R-8. Mediation
R-9. Administrative Conference
R-10. Fixing of Locale
R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies

R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23  Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements
R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings
R-31. Evidence
R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence
R-33. Inspection or Investigation
R-34. Interim Measures
R-35. Closing of Hearing
R-36. Reopening of Hearing
R-37. Waiver of Rules
R-38. Extensions of Time
R-39. Serving of Notice
R-40. Majority Decision
R-41. Time of Award
R-42. Form of Award
R-43  Scope of Award
R-44. Award upon Settlement
R-45. Delivery of Award to Parties
R-46. Modification of Award
R-47. Release of Documents for Judicial Proceedings
R-48. Applications to Court and Exclusion of Liability
R-49. Administrative Fees
R-50. Expenses
R-51. Neutral Arbitrator's Compensation
R-52. Deposits
R-53. Interpretation and Application of Rules
R-54. Suspension for Nonpayment

**EXPEDITED PROCEDURES**
E-1. Limitation on Extensions
E-2. Changes of Claim or Counterclaim
E-3. Serving of Notices
E-4. Appointment and Qualifications of Arbitrator
E-5. Exchange of Exhibits
E-6. Proceedings on Documents
E-7. Date, Time, and Place of Hearing
E-8. The Hearing
E-9. Time of Award
E-10. Arbitrator's Compensation

**PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES**
L-1. Administrative Conference
L-2. Arbitrators
L-3. Preliminary Hearing
L-4. Management of Proceedings

**OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION**
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
O-8. Costs

**ADMINISTRATIVE FEES**
Fees
Refund Schedule
Hearing Room Rental

**IMPORTANT NOTICE**

conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or r apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the at the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdictio consumer arbitration cases filed by the business.

+ A dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for the Resolution of Employme Disputes.

**R-2. AAA and Delegation of Duties**

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these r thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties ar these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

**R-3. National Roster of Arbitrators**

The AAA shall establish and maintain a National Roster of Commercial Arbitrators ("National Roster") and shall appoint arbitrators as provide these rules. The term "arbitrator" in these rules refers to the arbitration panel, constituted for a particular case, whether composed of one or n arbitrators, or to an individual arbitrator, as the context requires.

**R-4. Initiation under an Arbitration Provision in a Contract**

(a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

(i) The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent" notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names a addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.

(ii) The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, toget the appropriate filing fee as provided in the schedule included with these rules.

(iii) The AAA shall confirm notice of such filing to the parties.

(b) A respondent may file an answering statement in duplicate with the AAA within 15 days after confirmation of notice of filing of the demand by the AAA. The respondent shall, at the time of any such filing, send a copy of the answering statement to the claimant. If a counterclaim is it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim the party making the counterclaim shall forward to the AAA with the answering statement the appropriate fee provided in the schedule includ these rules.

(c) If no answering statement is filed within the stated time, respondent will be deemed to deny the claim. Failure to file an answering stateme not operate to delay the arbitration.

(d) When filing any statement pursuant to this section, the parties are encouraged to provide descriptions of their claims in sufficient detail to circumstances of the dispute clear to the arbitrator.

**R-5. Initiation under a Submission**

Parties to any existing dispute may commence an arbitration under these rules by filing at any office of the AAA two copies of a written subm arbitrate under these rules, signed by the parties. It shall contain a statement of the nature of the dispute, the names and addresses of all pa claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested, together with the appropriate fili provided in the schedule included with these rules. Unless the parties state otherwise in the submission, all claims and counterclaims will be to be denied by the other party.

**R-6. Changes of Claim**

After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the A party asserting such a claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmissi which to file an answering statement with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted exc the arbitrator's consent.

**R-7. Jurisdiction**

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or v the arbitration agreement.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part Such ar arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contra and void shall not for that reason alone render invalid the arbitration clause.

(c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answerii statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or a the final award.

### R-8. Mediation

At any stage of the proceedings, the parties may agree to conduct a mediation conference under the Commercial Mediation Procedures in or facilitate settlement. The mediator shall not be an arbitrator appointed to the case. Where the parties to a pending arbitration agree to mediat the AAA's rules, no additional administrative fee is required to initiate the mediation.

### R-9. Administrative Conference

At the request of any party or upon the AAA's own initiative, the AAA may conduct an administrative conference, in person or by telephone, v parties and/or their representatives. The conference may address such issues as arbitrator selection, potential mediation of the dispute, pote exchange of information, a timetable for hearings and any other administrative matters.

### R-10. Fixing of Locale

The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific lo the other party files no objection thereto within 15 days after notice of the request has been sent to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and its decisior final and binding.

### R-11. Appointment from National Roster

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

(a) Immediately after the filing of the submission or the answering statement or the expiration of the time within which the answering statemei filed, the AAA shall send simultaneously to each party to the dispute an identical list of 10 (unless the AAA decides that a different number is appropriate) names of persons chosen from the National Roster. The parties are encouraged to agree to an arbitrator from the submitted list advise the AAA of their agreement.

(b) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to stril objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the tin specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in ac with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted l AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional li

(c) Unless the parties agree otherwise when there are two or more claimants or two or more respondents, the AAA may appoint all the arbitra

### R-12. Direct Appointment by a Party

(a) If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be f The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointme

(b) Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R- respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-17(a) that the party-appointed arb are to be non-neutral and need not meet those standards.

(c) If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment withir period, the AAA shall make the appointment.

(d) If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment If within 15 days after such notic been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

**R-34. Interim Measures\*\***

(a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection conservation of property and disposition of perishable goods.

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

(c) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitra waiver of the right to arbitrate.

\*\* The Optional Rules may be found below.

**R-35. Closing of Hearing**

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving ne replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed. If briefs are to be filed, the hearing shall b e d closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section R-32 and the date s their receipt is later than that set for the receipt of briefs, the later date shall be the closing date of the hearing. The time limit within which the is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.

**R-36. Reopening of Hearing**

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. If reopening t hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controvers arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the a may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

**R-37. Waiver of Rules**

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and to state an objection in writing shall be deemed to have waived the right to object.

**R-38. Extensions of Time**

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time est by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

**R-39. Serving of Notice**

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court actic connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the p its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that re: opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices requi these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other methods of communic

(c) Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**R-40. Majority Decision**

When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement, a majority of the arbitrators mus decisions.

**R-41. Time of Award**

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days fro date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to arbitrator.

**R-42. Form of Award**


As a not-for-profit organization, the AAA shall prescribe an initial filing fee and a case service fee to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme h on the part of any party, defer or reduce the administrative fees.

### R-50. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or thereof against any specified party or parties.

### R-51. Neutral Arbitrator's Compensation

(a) Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.

(b) If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

(c) Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

### R-52. Deposits

The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the concl the case.

### R-53. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. When there is more than one a and a difference arises among them concerning the meaning or application of these rules, it shall be decided by a majority vote. If that is not either an arbitrator or a party may refer the question to the AAA for final decision. All other rules shall be interpreted and applied by the AAA.

### R-54. Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them m advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If arbitrator has yet been appointed, the AAA may suspend the proceedings.

### EXPEDITED PROCEDURES

### E-1. Limitation on Extensions

Except in extraordinary circumstances, the AAA or the arbitrator may grant a party no more than one seven-day extension of time to respond demand for arbitration or counterclaim as provided in Section R-4.

### E-2. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount, or a new or different claim or counterclaim added, upon the agreement of the other par consent of the arbitrator. After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted except with th arbitrator's consent. If an increased claim or counterclaim exceeds $75,000, the case will be administered under the regular procedures unles parties and the arbitrator agree that the case may continue to be processed under the Expedited Procedures.

### E-3. Serving of Notices

In addition to notice provided by Section R-39(b), the parties shall also accept notice by telephone. Telephonic notices by the AAA shall subs be confirmed in writing to the parties. Should there be a failure to confirm in writing any such oral notice, the proceeding shall nevertheless be notice has, in fact, been given by telephone.

### E-4. Appointment and Qualifications of Arbitrator


determine otherwise.

(f) The exchange of information pursuant to this rule, as agreed by the parties and/or directed by the arbitrator(s), shall be included within the Scheduling and Procedure Order.

(g) The arbitrator is authorized to resolve any disputes concerning the exchange of information.

(h) Generally hearings will be scheduled on consecutive days or in blocks of consecutive days in order to maximize efficiency and minimize c

**OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION**

**O-1. Applicability**

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in ı emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such r Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties hav notified or an explanation of the steps taken in good faith to notify other parties.

**O-2. Appointment of Emergency Arbitrator**

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special A of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstanc on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointmen emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emerg arbitrator and the circumstances disclosed.

**O-3. Schedule**

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consi of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for pı by telephone conference or on written submissions as alternatives to a formal hearing.

**O-4. Interim Award**

If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparal damage will result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an int award granting the relief and stating the reasons therefore.

**O-5. Constitution of the Panel**

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergenc arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no furt power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

**O-6. Security**

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

**O-7. Special Master**

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate ı waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an applicat emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be rea mean the special master, except that the special master shall issue a report rather than an interim award.

**O-8. Costs**

The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subje power of the panel to determine finally the apportionment of such costs.

**ADMINISTRATIVE FEES**