ORIGINAL R

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 25 2005
CLERK, U.S. DISTRICT COURT
By _____ KC
   Deputy

| | |
|---|---|
| GW EQUITY LLC, GWBS, INC. AND GREAT WESTERN BUSINESS SERVICES, LLC.<br><br>PLAINTIFFS,<br><br>V.<br><br>PBS GLOBAL, INC. F/K/A PRUDENTIAL BUSINESS SERVICES INC., JOHN PERSAUD, RICHARD MEIER, LAHNY McCRAY DALE GRANGER, JOSEPH C. KISER, WAYNE LEE, WILLIAM JACOBS, FRED RODDA, AND STEPHANIE KRAFT.<br><br>DEFENDANTS. | CAUSE NO. 3-05CV0800-R |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT WAYNE LEE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs GW Equity LLC, GWBS, Inc. and Great Western Business Services, LLC (collectively "GWBS" or "Plaintiffs") file this Memorandum in Opposition to Defendant Wayne Lee's Special Appearance Objecting to Jurisdiction and Plea in Abatement and, in support of Plaintiff's request that this Court deny Defendant Lee's motion, respectfully show the Court as follows:

### A.
### PRELIMINARY STATEMENT

Plaintiffs maintain their principal place of business in Dallas, Texas. Plaintiffs and Defendant Lee entered into an Independent Contractor Agreement

whereby Lee was to act as a sales representative of Plaintiffs in connection with the marketing of business valuations, and other services. The Agreement was negotiated in Dallas, Texas, contains a Texas choice of law provision, a provision in which Lee consented to jurisdiction of Texas courts and a mandatory venue provision holding venue in Dallas County, Dallas, Texas. By entering into such agreement with Plaintiffs, consenting to the mandatory jurisdiction, venue and choice of law provisions, as well as by negotiating the contract and providing ongoing services to a Texas-based business, Defendant has purposefully availed himself of the laws of the forum state, and this Court's assumption of jurisdiction would not offend traditional notions of fair play and substantial justice. Therefore, this Court should deny Defendant Lee's motion to dismiss for lack of personal jurisdiction.

Furthermore, Defendant Lee's motion to abate should be denied because this Forum is already hearing the case involving multiple defendants, Plaintiffs are in the process of removing the Arkansas state court action to federal court in Arkansas, transferring venue to the Northern District and moving to consolidate the cases, which involve the same or similar transactions and/or occurrences.

## B.
## INTRODUCTION

Plaintiffs are GW Equity LLC, GWBS, Inc. and Great Western Business Services, LLC (collectively "GWBS"). Plaintiff GW Equity LLC is a Delaware based limited liability company with its principal place of business being in Dallas, County, Texas. Plaintiff Great Western Business Services, LLC is a Delaware based limited liability company with its principal place of business being in Dallas

County, Texas. Plaintiff GWBS, Inc. is duly incorporated in the State of Texas with its principal place of business being in Dallas, County, Texas.

Defendants are PBS Global, Inc., John Persaud, Richard Meier, Lahny McCray, Dale Granger, Joseph C. Kiser, Wayne Lee, William Jacobs, Stephanie Craft, and Fred Rodda.

Pro se Defendant Wayne Lee filed a Special Appearance Objecting to Jurisdiction and Plea in Abatement, asking the Court to dismiss the action for lack of personal jurisdiction pursuant to Rule 120a of the Texas Rules of Civil Procedure.

Treating the motion as one under Rule 12(b)(2) of the Federal Rules of Civil Procedure, Plaintiff files this opposition requesting that the Court deny Defendant Lee's special appearance and plea in abatement.

## C.
## FACTUAL AND PROCEDURAL HISTORY

1. Plaintiffs filed this suit on April 22, 2005, alleging that Defendants, among other things, breached the confidentiality and non-compete provisions in their respective independent contractor agreements with Plaintiffs entered into in Dallas, Texas.

2. On April 27, 2005, this Court granted Plaintiff's request for a temporary restraining order.

3. Defendant Wayne Lee was personally served on May 11, 2005.

4. Defendant Wayne Lee filed a complaint in the District Court of Sherwood Arkansas on January 31, 2005.

5. Plaintiffs were never served with this complaint.

6. Defendant Lee filed a First Amended Complaint in the District Court of North Little Rock, Arkansas on February 23, 2005. Lee sent a copy of the summons and complaints to GWBS, Ryan Binkley, John Binkley, Gene Sartin and David McCreary via certified mail return receipt requested dated on or about May 13, 2005.

## D.
## ARGUMENT

A federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the applicable law of the forum state. Red. R. Civ. P. 4(e). It is well established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment. 2 Tex. Civ. Prac. & Rem. Code § 17.042 (West 1997). The exercise of jurisdiction over a nonresident defendant is proper, under the Due Process Clause, when two requirements have been met: (1) the defendant has established "minimum contacts" with forum state and (2) exercising jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

**Minimum Contacts**

A defendant has minimum contacts if he has purposefully availed himself of the privilege of conducting activities within the forum states, thus invoking the benefits and protection of its laws and as a result should reasonably anticipate being haled into court there. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The Court should deny Defendant Lee's motion challenging personal jurisdiction because Defendant Lee purposefully availed himself of the benefits and

protections of the laws of the forum state and should have reasonably anticipated being haled into court here. *See Electrosource, Inc. v. Horizon Battery Tech, Ltd.,* 176 F.3d 867, 871 (5th Cir. 1999). The suit involves Lee's breach of certain covenants made under an independent contractor agreement between GWBS and Wayne Lee, as well as Lee's misappropriation of trade secrets, theft under the Texas Theft Liability Act and tortious interference with GWBS and GW Equity's other contracts, among other things. As part of the incident that gave rise to this suit, Defendant Lee entered into an independent contractor agreement with GWBS wherein he agreed that jurisdiction, venue and choice of law interpreting the contract would be in Texas and under Texas Law. A copy of the agreement is attached hereto as Exhibit A. In addition, Defendant Lee stole some proprietary materials of GWBS from a hotel in Houston, Texas.

In particular, GW Equity provides educational seminars on how and when to sell a businesses for the most profit. GW Equity scheduled a seminar for March 15, 2005 at the Wyndham Greenspoint Hotel in Houston, Texas. Prior to the seminar GW Equity shipped confidential and proprietary information and materials to the hotel/conference site in closed, taped and sealed boxes, and addressed to the attention of GW Equity agents known to be employed by GW Equity and attending the seminar. The materials shipped were the result of efforts made by GW Equity over the course of 14 months and cost GW Equity several hundred thousand dollars in research and development of the materials. On or about March 14, 2004, Defendants John Persaud and Wayne Lee, both former employees of GW Equity, falsely identified themselves as representatives

of GW Equity in order to defraud the hotel into releasing GW Equity's proprietary and confidential information. Defendants Persaud and Lee appropriated the confidential materials of GW Equity without its consent giving rise to this action.

As a result of the above-described conduct, the Court has specific jurisdiction over Defendant Lee. *Kevlin Servs. Inc. v. Lexington State Bank,* 46 F.3d 13, 15 (5th Cir. 1995) (specific personal jurisdiction based on forum selection clause in contract); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (upholding personal jurisdiction based on continuing obligations under agreement with resident of forum).

The Court should also deny Defendant Lee's motion to dismiss because Lee engaged in continuous and systematic activity in the forum state. For example, Defendant provided sales services on behalf of GWBS, GW Equity, both with a principal place of business in Dallas, Texas, for a period of several years. Thus, the Court has general jurisdiction over Defendant Lee.

**Fair Play**

The Court's assumption over Defendant Lee will not offend traditional notions of fair play and substantial justice and will be consistent with the constitutional requirements of due process because Defendant Lee has derived financial benefit from doing business with Plaintiffs, Texas residents, which makes it foreseeable that he would be haled into court in Texas, and Texas has significant interests in adjudicating its domicilliary's breach of contract, tortious interference and theft of trade secret claims that are sufficient to satisfy Due Process concerns and traditional notions of fair play and substantial justice.

*Central Freight Lines,* 322 F.3d at 384.

## E.
## CONCLUSION

Defendant Lee's long-standing business relationship with a Texas resident, his independent contractor agreement containing a forum and jurisdiction selection clause, as well as his commission of intentional torts, both within the state and directed at a Texas resident are sufficient minimum contacts with Texas. Further the Court's assumption of jurisdiction will not offend traditional notions of fair play and substantial justice and will be consistent with due process of law. For these reasons, Plaintiffs ask the Court to deny Defendant Lee's motion to dismiss and abate and retain the case on the Court's docket.

Respectfully submitted,

MCCREARY & STOCKFORD, L.P.
18383 Preston Road, Suite 150
Dallas, Texas 75252-5476
214.291.0800 (Telephone)
214.291.0801 (Facsimile)

David S. McCreary
Texas Bar No. 00789477
Cory S. Hartsfield
Texas Bar No. 24038943

ATTORNEYS FOR PLAINTIFFS
GREAT WESTERN BUSINESS
SERVICES, LLC, GW EQUITY AND
GWBS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to the following, via certified mail, return receipt requested this 25th day of May, 2005.

Richard Meier
10501 Old Bridge Lane
Charlotte, North Carolina 28269

Lahny McCray
887 Ox Yoke Road
Grants Pass, Oregon 97526-9729

Joseph Kiser
3798 Laurel Branch Rd NW
Floyd, VA 24091

Wayne Lee
6900 Incas Drive
Little Rock, Arkansas 72116

John Persaud
5025 High Point Dr.
Pensacola, Florida 32505

Stephanie Kraft
5114 36th Ave. Dr. Wes,
Bradenton, FL 34209

Stuart Alexander III
Tilford, Dobbins, Alexander Buckway & Black LLP
401 West Main Street, Ste. 1400
Louisville, Kentucky 40202
Counsel for Defendants Rodda, PBS, Granger and Jacobs

Molly Steele
Thompson & Knight
1700 Pacific, Ste. 3300
Dallas, Texas 75201
Counsel for Defendants Rodda, PBS, Granger and Jacobs

_____
Cory S. Hartsfield