IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY LLC, GWBS, INC., and GREAT WESTERN BUSINESS SERVICES, LLC, | § § § § | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS DALLAS DIVISION  FILED June 1, 2005 |
| *Plaintiffs,* | § § | CLERK, U.S. DISTRICT COURT |
| vs. | § § | CIVIL ACTION NO. 3:05-CV-0800-R |
| PBS GLOBAL, IND. f/k/a PRUDENTIAL BUSINESS SERVICES INC., et. al., | § § § § | |
| *Defendants.* | § | |

## ORDER

Now before the Court is **SEPARATE DEFENDANT, WAYNE LEE'S SPECIAL APPEARANCE OBJECTING TO JURISDICTION AND PLEA IN ABATEMENT** (filed May 11, 2005). Defendant Lee seeks dismissal of the claims against him for lack of personal jurisdiction.

A forum selection provision in a contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable. *Kevlin Servs. Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, 1527, 113 L. Ed. 2d 622 (1991)). An independent contractor agreement between Plaintiffs and Defendant Lee ('Agreement"), which is part of the record in this case, contains a clear and unequivocal forum selection clause. [1] This Court's review of the

---

[1] In pertinent part, the Agreement reads as follows:

language of the Agreement reveals no ambiguity in the interpretation of the language of the choice of forum provision. Because Defendant Lee has not shown that the enforcement of the choice of forum provision would be unreasonable due to fraud or overreaching, this Court finds the provision to be valid and that, accordingly, this Court has jurisdiction over Defendant Lee.[2]

For these reasons, Defendant Lee's Objecting to Jurisdiction and Plea in Abatement, construed by this court as a Motion to Dismiss for Lack of Personal Jurisdiction, is hereby **DENIED**.

**It is so ORDERED.**
**Signed: June 1, 2005.**

_____
**JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

Governing Law. The Terms and Conditions of this Agreement shall be construed pursuant to and in accordance with the laws of the state of Texas and all of the covenants and obligations hereunder are fully enforceable and performable in the City of Dallas, Dallas County, Texas.

Venue: IC irrevocably consents and hereby agrees that any lawsuit relating to any matter arising under this Agreement shall be initiated in a State or Federal court in the City of Dallas, Dallas County, Northern District of Texas, State of Texas, United States of America.

Jurisdiction: IC irrevocably consents to the jurisdiction and of the service of process, pleading, and notices in connection with any and all actions and processes initiated in a State or Federal court located in the City of Dallas, Dallas County, Northern District of Texas, State of Texas, United States of America.

[2] For wholly separate reasons discussed in a separate opinion, this Court also finds that the claims against Defendant Lee are subject to arbitration in accordance with an arbitration clause in the Agreement.