# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

```
                                                     UNITED STATES DISTRICT COURT
                                                       NORTHERN DISTRICT OF TEXAS
GW EQUITY LLC, GWBS, INC., and        §                      DALLAS DIVISION
GREAT WESTERN BUSINESS                §                            FILED
SERVICES, LLC,                        §                         June 1, 2005
                                      §
                                      §                  CLERK, U.S. DISTRICT COURT
        Plaintiffs,                   §
                                      §
vs.                                   §      CIVIL ACTION NO. 3:05-CV-0800-R
                                      §
PBS GLOBAL, IND. f/k/a                §
PRUDENTIAL BUSINESS SERVICES          §
INC., et. al.,                        §
                                      §
        Defendants.                   §
```

## MEMORANDUM OPINION AND ORDER

Before this Court is certain Defendants' **MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT AND FIRST AMENDED COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF** (filed May 19, 2005).[1] For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED IN PART**.

### I. BACKGROUND

Plaintiffs Great Western Business Services, LLC, GW Equity LLC, and GWBS, Inc. (collectively "GWBS") initiated this lawsuit on April 22, 2005 and filed their First Amended

---

[1] The Motion to Dismiss was filed by Defendants PBS Global, Inc., f/k/a Prudential Business Services, Inc. ("PBS"), Fred Rodda, Bill Jacobs, and Dale Granger (collectively the "Moving Defendants").

*MEMORANDUM OPINION AND ORDER–Page 1*

Verified Complaint and Application for Injunctive Relief ("Complaint") on May 13, 2005.[2] Shortly thereafter, the Moving Defendants filed their Motion to Dismiss. At an emergency status conference held the same day, this Court ordered that the Motion to Dismiss be considered on an expedited schedule.

In their Complaint, Plaintiffs claim that each of the Individual Defendants was hired by GWBS, a Dallas-based marketing and business analysis company, as an independent contractor and trained to solicit and sell certain GWBS services to its customers. As independent contractors, the Individual Defendants allegedly signed independent contractor agreements with GWBS that included confidential/non-competition agreements.[3] GWBS claims that in violation of these agreements, the Individual Defendants left the employ of GWBS and began competing directly against GWBS for a new employer and direct competitor of GWBS, Defendant PBS.

Plaintiffs' Complaint includes the following causes of action:

- Count One–Breach of Contract Against the Individual Defendants
- Count Two–Breach of Fiduciary Duty Against Individual Defendants
- Count Three–Tortious Interference Against Individual Defendants and PBS
- Count Four–Misappropriation Against Individual Defendants and PBS
- Count Five–Texas Theft Liability Act Against Individual Defendants
- Count Six–Unfair Competition Against Individual Defendants and PBS

---

[2]The Defendants in this case are PBS, Richard Meier, Lahny McCray, Dale Granger, Joseph C. Kiser, Wayne Lee, William Jacobs, Fred Rodda, John Persaud, and Stephanie Kraft (collectively the "Defendants"). With the exception of PBS, the other nine Defendants (collectively the "Individual Defendants") were allegedly previously employed by GWBS as independent contractors.

[3]Along with its initial complaint, GWBS included a sample independent contractor agreement. This sample agreement, not signed by any party, included a broad arbitration clause.

- Count Seven–Violation of the Racketeer Influenced and Corrupt Organization Act By Individual Defendants

Additionally, Plaintiffs' Complaint seeks both Preliminary and Permanent Injunctions against the Defendants.[4]

## II. ANALYSIS

The Moving Defendants' Motion to Dismiss seeks to have the entire action dismissed on the grounds that under the alleged independent contractor agreements the parties are compelled to arbitrate all of the claims asserted in the Complaint, including those seeking injunctive relief. As Moving Defendants' argument is grounded in the argument that Plaintiffs' claims must be addressed through arbitration and not through the courts, this Court construes and will analyze this motion as a Motion to Compel Arbitration.[5]

### A. Motion to Compel Arbitration–Standard of Review

In ruling on a Motion to Compel Arbitration, the Court engages in a two-step inquiry. First, the Court must determine "whether there is a valid agreement to arbitrate between the parties." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (quoting *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)). Next, the Court must determine "whether the dispute in question falls within the scope of that arbitration agreement." *Id*. If both elements are satisfied, the Court

---

[4] The Complaint also seeks a Temporary Restraining Order. This Court previously issued a Temporary Restraining, which it later vacated by Order filed May 23, 2005.

[5] Moving Defendants cite *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), for the proposition that "A court may dismiss a lawsuit when it determines that all of the issues invovled are subject to arbitration." This is correct where *all* of the issues are not only subject to but also actually submitted (or compelled) to arbitration. *Id.*, *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999). Accordingly, this Court interprets Moving Defendants' motion as a combined motion to compel arbitration on all issues and dismiss the case.

generally must compel arbitration and stay the matter. 9 U.S.C. § 3(2005). In the event that all of the issues before the Court are arbitrable, in lieu of staying the claims, the Court may dismiss them. *Alford*, 975 F.2d at 1164; *Fedmet*, 194 F.3d at 678.

**1. Step One: Identifying the Parties to a Valid Arbitration Clause**

In the Complaint, Plaintiffs included a sample of an independent contractor agreement ("Sample Agreement") that allegedly had been signed between each of the Independent Defendants and GWBS. The Sample Agreement contains a dispute resolution clause ("Arbitration Clause") which reads:

> Dispute Resolution: IC unequivocally consents and agrees that venue and jurisdiction over and aspect of the Agreement shall be in Dallas County, Texas. In addition, both GWBS and IC agree that any controversy or claim arising out of or relating to this contract, or the breach thereof, is subject to arbitration under the Federal Arbitration Act and shall be settled by binding arbitration to be conducted in Dallas, Texas and administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The costs of any arbitration shall be borne equally by the parties. A willful violation of this provision or any breach of this Agreement by Owner shall entitle GWBS to specific performance of this Agreement, to recover actual damages, to recover liquidated damages as stated herein and to receive reimbursement for GWBS' expenses and attorneys' fees incurred in securing enforcement herein.

Sample Agreement, p. 6. Both Plaintiffs and Moving Defendants agree that such language constitutes a valid arbitration clause.[6] Having established this language constitutes a valid arbitration clause, the question becomes: which of the Defendants, if any were parties to the Sample Agreement with GWBS, and consequently then parties to the Arbitration Clause?

---

[6] In the Motion to Dismiss, Moving Defendants, while not directly acknowledging that any of the Individual Defendants in fact signed the Sample Agreement, recognize the language of the Arbitration Clause of the Sample Agreement to constitute a valid arbitration clause. Plaintiffs agree this language constitutes a valid arbitration clause, as evidenced by their Response, wherein they concede claims for breach of contract of the Sample Agreement are subject to arbitration.

The Appendix to Plaintiffs' Response helps shed significant light on this question as it includes signed copies of the independent contractor agreements between several of the Independent Defendants and the Plaintiffs. These documents evidence that the following four Individual Defendants did, in fact, sign the Sample Agreement, and consequently the Arbitration Clause: Wayne Lee, Joseph C. Kiser, William Jacobs, and Lahny McCray. As to Defendant PBS, there is no evidence, nor even any allegation, that PBS was party to a valid arbitration clause with the GWBS.

Accordingly, this Court concludes that only Defendants Lee, Kiser, Jacobs, and McCray were parties to a valid arbitration clause with GWBS.[7]

**2. Step Two: Determining Which Claims Fall Within the Scope of the Arbitration Agreement**

Having found a valid arbitration clause to exist between GWBS and four of the Defendants, the inquiry turns to which claims against those Defendants falls within the scope of the arbitration agreement. Plaintiffs concede that their claims for breach of contract would be subject to the Arbitration Clause, but they argue there is no authority to require Plaintiffs to arbitrate their other common law and statutory claims against the Individual Defendants. Plaintiffs additionally argue that the injunctive claims are not subject to the Arbitration Clause.

Courts distinguish "narrow" arbitration clauses as those that only require arbitration of disputes "arising out of" the contract from "broad" arbitration clauses that govern disputes that

---

[7]The Appendix also evidences that Fred Rodda and John Persaud were parties to a different independent contractor agreement with GWBS, one which did not include an arbitration clause. It is undisputed that no agreement exists between GWBS and Defendant PBS. As to the remaining Individual Defendants, Richard Meier, Dale Granger, and Stephanie Kraft–this Court is unable to determine from the record whether or not they were parties to a valid arbitration clause with GWBS. The parties may submit further evidence on this issue to allow the Court to reconsider it s decision as to these three Defendants.

*MEMORANDUM OPINION AND ORDER–Page 5*

"relate to" or "are connected with" the contract. *Pennzoil Exploration and Production Company v. Ramco Energy Limited*, 139 F.3d 1061, 1067(5th Cir. 1998). Both the Supreme Court and the Court of Appeals for the Fifth Circuit have characterized clauses very similar to this Arbitration Clause as broad arbitration clauses capable of expansive reach. See *Prima Paint Corp., v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397-98 (1967) (labeling as "broad" a clause requiring arbitration of "any controversy or claim arising out of relating to this Agreement"); *Pennzoil*, 139 F.3d at 1067. Clearly, this Arbitration Clause, which by its own language covers "any controversy or claim arising out of or relating to this contract, or the breach thereof," is a "broad" arbitration clause. Such broad arbitration clauses embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute. *Pennzoil*, 139 F.3d at 1067.

With such a broad arbitration clause, it is only necessary that the dispute "relate to" the Sample Agreement or "touch" matters covered by the Sample Agreement. *Id*. at 1068. Moreover, in the case of a broad arbitration clause, "whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Morrison v. Amway Corp.*, 49 F.Supp. 2d 529, 535 (S.D. Tex. 1998) (quoting *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635-6 (5th Cir. 1985)).

Being clear to this Court that all of the claims touch upon the alleged former employment relationship between the Individual Defendants and GWBS, this Court concludes that all of the claims against the four Individual Defendants who were parties to the Arbitration Clause are subject to and hereby compelled to arbitration. This finding includes claims for injunctive relief, for although the Sample Agreement includes a section specifically addressing Injunctive Relief, that section does not carve a right to injunctive relief specifically through the courts. Because injunctive

relief is available under the terms of the Arbitration Clause, as discussed thoroughly in the Motion to Dismiss, this Court concludes it shall be up to the arbitrator to determine injunctive relief against these four Defendants.

**B. Motion to Dismiss**

Finding all claims against Defendants Lee, Kiser, Jacobs, and McCray to be subject to arbitration, this Court hereby dismisses the claims against those four Defendants. The Motion to Dismiss is denied as to the remaining six defendants.

### III.  CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss, construed by this Court as a Motion to Compel Arbitration, is hereby **GRANTED IN PART** and **DENIED IN PART**.

Specifically, all of Plaintiffs' claims against the following four Defendants are hereby **COMPELLED TO ARBITRATION**:  Wayne Lee, Joseph C. Kiser, William Jacobs, and Lahny McCray.  Furthermore, these parties are hereby **DISMISSED** from the case without prejudice.

As to the remaining six Defendants, the Motion to Dismiss, construed as a Motion to Compel Arbitration, is **DENIED**.

**It is so ORDERED.**
**Signed: June 1, 2005.**

_____
**JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**