IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GW EQUITY LLC, GWBS, INC. )<br>and GREAT WESTERN BUSINESS )<br>SERVICES, LLC. )<br>)<br>v. )<br>)<br>PBS GLOBAL, INC. f/k/a PRUDENTIAL )<br>BUSINESS SERVICES, INC., JOHN )<br>PERSAUD, DALE GRANGER, )<br>STEPHANIE KRAFT and FRED RODDA )<br>_____ ) | NO.   #3-05CV0.800-R |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED
## VERIFIED COMPLAINT

Come Defendants PBS Global, Inc., f/k/a Prudential Business Services, Inc., John Persaud, Dale Granger, Fred Rodda and Stephanie Kraft (hereinafter "Defendants"), by counsel, and for their answer to the complaint filed by Plaintiffs GW Equity, LLC, GWBS, Inc. and Great Western Business Services, LLC. (hereinafter "Plaintiffs"), state as follows:

1.  That Defendants are without sufficient knowledge and/or belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 3 and 4 of Plaintiffs' Verified Complaint and therefore deny same.

2.  That Defendants state, as to paragraphs 5, 7, 8 and 9 of Plaintiffs' Verified Complaint, that these parties have been dismissed from the referenced case and therefore no responsive pleading is required.

3.  That Defendants admit the allegations contained in paragraphs 6, 9, 10, 11 and 13 of Plaintiffs' Verified Complaint.

4. That Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Verified Complaint, except to the extent that it alleges that PBS Global, Inc. is a corporation incorporated in the state of Florida and that its principal place of business in the state of Florida.

5. That Defendants deny the allegations contained in paragraphs 14, 15 and 16 of Plaintiffs' Verified Complaint.

6. That Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Verified Complaint and state that any documents referred to in this paragraph speak for themselves, and that no responsive pleadings are therefore required.

7. That Defendants deny the allegations contained in paragraphs, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of Plaintiffs' Verified Complaint.

8. That Defendants are without sufficient knowledge and/or belief as to the truth or falsity of the allegations contained in paragraphs 30, 31 and 32 of Plaintiffs' Verified Complaint.

9. That Defendants deny the allegations contained in paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60 of Plaintiffs' Verified Complaint.

10. That Defendants state that with regard to the statutes cited in paragraphs 60, 61 and 62 of Plaintiffs' Verified Complaint, the statutes speak for themselves and no responsive pleading is required.

11. That as to paragraph 60, Defendants may be persons within the meaning of 18 USC §1961(3), but deny the remaining allegations contained in paragraphs 60, 61, 62, 63, 64, 65, and 66 of Plaintiffs' Verified Complaint.

12. That Defendants deny the allegations contained in paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84 of Plaintiffs' Verified Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. Plaintiffs lack standing to assert the claims made in their complaint.

2. This Court lacks jurisdiction to grant the relief requested in Plaintiffs' Verified Complaint.

3. Plaintiffs have failed to state a claim upon which relief may be granted by this Court.

4. Any part of plaintiffs' verified complaint based upon contract fails for lack of consideration.

5. Any part of plaintiffs' verified complaint based upon contract fails because such contracts were induced fraudulently.

6. The claims asserted by Plaintiffs have been waived and plaintiffs are estopped from asserting claims made by them in their complaint.

7. The claims made by Plaintiffs are not enforceable because of illegality.

8. Plaintiffs' claims fail for insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendants move this Court for the following relief:

A. Trial by jury;

B. For its costs herein expended, including attorneys' fees;

C. To dismiss Plaintiffs' Verified Complaint; and

D. For any and all other relief to which they may appear entitled.

Respectfully submitted,

/s/Stuart E. Alexander III
Stuart E. Alexander III salexander@tilfordlaw.com
Kathleen M.W. Schoen kschoen@tilfordlaw.com
**TILFORD DOBBINS ALEXANDER BUCKAWAY & BLACK, LLP**
401 West Main Street, Ste. 1400
Louisville, Kentucky 40202
(502) 584-1000
(502) 584-2318; FAX
*Co-Counsel for PBS Global, Inc,; J. Persaud, Dale Granger, Stephanie Kraft, and Fred Rodda*

Molly Steele molly.steele@tklaw.com
Amber B. Shockey
**THOMPSON & KNIGHT**
1700 Pacific Avenue, Ste. 3300
Dallas, Texas 75201-4693
(214) 969-1254
(214) 969-2583; FAX
*Counsel for PBS Global, Inc,; J. Persaud, Dale Granger, Stephanie Kraft, and Fred Rodda*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this 15th day of June, 2005, mailed to the following parties of record:

**MCCREARY & STOCKFORD, LP**
David s. McCreary
Cory S. Hartsfield
18383 Preston Road, Ste. 150
Dallas, Texas 75252-5476

**THOMPSON & KNIGHT, LLP.**
Molly Steele
Amber B. Shockey
1700 Pacific Avenue, Ste. 3300
Dallas, Texas 75201-4693

 /s/Stuart E. Alexander III
Stuart E. Alexander III