IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GW EQUITY LLC, et. al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-0800-R |
| | § | |
| **PBS GLOBAL, INC., et. al.,** | § | |
| *formerly known as* | § | |
| **Prudential Business Services, Inc.,** | § | |
| | § | |
| **Defendants.** | § | |

## SCHEDULING ORDER

The schedule[1] for the disposition of this case is as follows:

1. **OUTLINE OF CRITICAL DATES**:

| | |
|---|---|
| Deadline for Joint Status Report (¶ 6) | September 2, 2005 |
| Deadline for Designation of Plaintiff's Experts (¶ 7) | October 7, 2005 |
| Deadline for Amended Pleadings and Defendant's Experts (¶ 7) | October 26, 2005 |
| Deadline for Completion of Discovery (¶ 8) | November 14, 2005 |
| Deadline for Joint Submission of Dispositive Motions (¶ 9) | November 30, 2005 |
| Deadline for Pretrial Disclosures (¶ 10) | December 15, 2005 |
| Deadline for Pretrial Materials (¶ 11) | January 13, 2006 |
| Final Pretrial Conference (¶ 12) | February 3, 2006 (10:00am) |
| Trial Setting (¶ 13) | February  (4 Week Docket) |

---

[1] This schedule is established pursuant to this Court's Local Civil Rules ("Local Rules"), its Civil Justice Expense and Delay Reduction Plan, and Fed. R. Civ. P. 26-33 (as modified by this order).

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 1**                           M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

2. **CAVEAT—SPECIAL PROCEDURES USED BY THIS COURT:** This Order establishes the following special procedures for this case:

 a. The automatic referral of all pleading and discovery disputes and other non-dispositive motions to the Magistrate Judge assigned to this case—**Judge Jeff Kaplan.** (*See* ¶ 4).

 b. The required, *in camera* reporting under *Dondi*,[2] of the attorneys' fees and expenses incurred in each pleading and discovery dispute. (*See* ¶ 4).

 c. The joint submission of all motions for summary judgment, motions to dismiss, and other dispositive motions—with the motion, the response, the reply and all related papers being filed at the same time in a single bound and indexed package. (*See* ¶ 5).[3]

 d. Motions and orders for agreed extensions of time are not required; the attorneys may agree to extend any deadline in this Scheduling Order—*except for trial and pretrial dates and the deadline for Joint Motion Submissions*—and simply notify the Court and, if appropriate, the assigned magistrate judge *by letter* of the agreed extensions.

 e. All motions, whether opposed or unopposed, must be accompanied by a proposed order. A proposed order must be set forth on a separate document. Pursuant to Local Rule 7.1©, an unopposed motion must be accompanied by an agreed proposed order, signed by the attorneys or parties.

3. **YOUR OBLIGATIONS UNDER *DONDI*:**

 a. Attorneys have the duty to agree to extensions of time, to amendment of pleadings, and to any other requested accommodation requested by opposing counsel that will "delay neither the disposition of a pending matter nor the trial of the case." *Dondi*, 121 F.R.D. at 288 n.11.

 b. Attorneys have the sole authority to agree to these extensions and accommodations because *Dondi* makes it clear that clients have "*no right to demand that*

---

[2] *Dondi Properties Corp. v. Commerce Sav. & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). *See* Exhibit A.

[3] These Joint Motion Submission procedures were recommended by the attorneys on this Court's Civil Justice Reform Act ("CJRA") Committee. Similar procedures are also used by federal courts in other states and circuits.

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 2** M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

*counsel abuse the opposite party or indulge in offensive conduct*," such as refusing to agree to extensions of time, to amendment of pleadings, etc. *Dondi*, 121 F.R.D. at 288, ¶ (F).

4. **AUTOMATIC REFERRAL OF PLEADINGS AND DISCOVERY DISPUTES AND OTHER NON-DISPOSITIVE MOTIONS:** All disputes concerning pleadings and discovery are REFERRED AUTOMATICALLY by this Scheduling Order to Magistrate Judge Kaplan for disposition, subject to the following *Dondi* procedures:

   a. The first pleading or discovery dispute filed in this case SHALL be titled "PLEADING/DISCOVERY DISPUTE NO. 1," and each subsequent pleading/discovery dispute shall be numbered consecutively (i.e., "PLEADING/DISCOVERY DISPUTE NO. 2, ... NO. 3," etc.)

   b. Within thirty (30) days from the resolution of each pleading/discovery dispute, the attorneys SHALL submit to this Court *and* to Magistrate Judge Kaplan—by separate *in camera* letters—reports stating the number of hours spent on the dispute by each attorney, the hourly rates for these attorneys,[4] the total amount of attorneys' fees and expenses incurred with respect to (I) the last pleading/discovery dispute, and (ii) all pleading/discovery disputes in this case.

   c. All other non-dispositive motions[5] are also REFERRED AUTOMATICALLY by this Order to Magistrate Judge Kaplan for disposition; these motions *are not* subject to the *Dondi* reports required for pleading and discovery disputes.

5. **JOINT SUBMISSION OF DISPOSITIVE MOTIONS:** Contested motions that may dispose of all or part of the claims or defenses in this case—and the opponent's response, the movant's reply, and all related papers—shall be filed at the same time, and in a single bound

---

[4] An attorney handling a matter on a contingent fee basis shall use, for purposes of this report, the hourly rate last used by that attorney in a non-contingency matter.

[5] E.g., motions to amend, to appear *pro hac vice*, to substitute counsel, etc. *See* Uniform Requirements on Motion Practice, Local Rule 7.1(h).

package with a cover sheet entitled "JOINT MOTION SUBMISSION" that lists the contents of the submission in the manner shown in Exhibit B to this Order.[6]

      a.    **Motions Covered:** This Joint Motion Submission procedure applies to all dispositive motions**,** including: (I) motions to dismiss, (ii) motions to remand, (iii) motions for summary judgment, and (iv) motions for transfer or change of venue.

      b.    **Initial Service Of Motion:** The moving party SHALL initially serve the other parties with—BUT SHALL NOT FILE WITH THE COURT—copies of the motion, brief, proposed order, and all other papers related to the motion. **Notice Of Motion:** On the date of service of the motion, the movant SHALL FILE WITH THE COURT and serve a NOTICE OF MOTION which lists the pleadings being served on the opposing parties. **Filing Date:** The date of the District Clerk's receipt of the Notice Of Motion SHALL be the filing date of the motion for all purposes.

      c.    **Response To Motion:** Within twenty (20) days from the filing date of the motion, the responding party SHALL serve on the movant—BUT SHALL NOT FILE WITH THE COURT—copies of the response, brief, proposed order, and all other papers related to the response. **Notice Of Response:** The responding party SHALL FILE WITH THE COURT and SERVE a NOTICE OF RESPONSE which lists the pleadings being served. **Filing Date:** The date of the District Clerk's receipt of the Notice of Response SHALL be the filing date for all purposes.

      d.    **Joint Motion Submission:** Within fifteen (15) days from the filing date of the Notice of Response, the movant SHALL:

      (I)    file with the District Clerk—*in a single bound package, with numbered tabs separating each section*—the motion and brief, the response and brief, the reply and all other papers related to the motion (including the Joint Appendix)[7] with a cover sheet entitled "JOINT MOTION SUBMISSION" that lists the contents of the joint submission in the manner shown in Exhibit B to this Order; and

      (ii)    serve the cover sheet, the reply to the motion, and all related papers on the other parties.

---

[6] This procedure—recommended by this Court's CJRA Committee—is designed to reduce disputes over extensions of time and to expedite the determination of motions pending before this Court.

[7] All exhibits and supporting materials shall be submitted as a "JOINT APPENDIX" with numbered tabs separating each exhibit.

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 4**      M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

  e. **Default:** If a party against whom a dispositive motion is filed has failed to serve a response within the twenty (20) day period, or any agreed extension of this period, then the movant SHALL file the dispositive motion, brief and related papers *together with a notice that the respondent has defaulted.*

  f. **Contents And Page Limitations:** The contents of the dispositive motion must comply with Local Rule 56.3; the contents of the response must comply with Local Rule 56.4; and the Joint Appendix must comply with Local Rule 56.6. The length of <u>the movant's brief</u> and <u>the response</u> SHALL NOT exceed 40 pages each, and <u>the movant's reply</u> brief SHALL NOT exceed 20 pages.[8] The **Joint Appendix** SHALL NOT exceed 140 pages.[9] **Motions For Reconsideration** may not exceed 15 pages.

  <u>**CAVEAT:**</u> **THESE PAGE LIMITATIONS MAY NOT BE EXTENDED BY AGREEMENT.**

  g. **Time For Filing And Number Of Motions:** Dispositive motions must be filed at least 130 days before the final pretrial conference.[10] Only one motion for summary judgment and one motion to dismiss may be filed by each party—i.e., separate motions for summary judgment on different claims or defenses may not be filed.

**6.** <u>**JOINT STATUS REPORT**</u>**:** The parties SHALL file a joint status report by <u>**September 2, 2005**</u>, which *briefly addresses:*

  a. the nature of the case and the contentions of the parties;

  b. pending or contemplated motions, including possible joinder of other parties;

  c. the prospects for settlement and whether mediation might facilitate settlement;

  d. whether the attorneys in this case understand their responsibilities under—and will conduct this litigation according to—the standards of *Dondi*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc) and this Court's Civil Justice Expense & Delay Reduction Plan;

---

[8] This is a modification of Local Rule 56.5(b).

[9] Unless otherwise agreed, the <u>movant and the respondent are each limited to 70 pages in the Joint Appendix</u>. The Joint Appendix should contain only the <u>relevant portions</u> of depositions and exhibits; however, *if necessary,* complete copies of depositions may be filed separately with the District Court Clerk's Office for consideration with the Joint Motion Submission.

[10] This is a modification of Local Rule 56.2(a).

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 5**  M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

  e. whether the parties will agree to the trial of this case before United States Magistrate Judge Kaplan, under 28 U.S.C. § 636© (1994);[11]

  f. whether there are requested modifications of the scheduling order;

  g. estimated length of trial; and

  h. whether the parties will consent to the case being handled as an Electronic Case Files (ECF) case pursuant to Miscellaneous Order 61 and the ECF Procedures Manual. More information may be found on the court's website (www.txnd.uscourts.gov).

  **CAVEAT:** **AN AGREED ORDER FOR ANY REQUESTED MODIFICATIONS MUST BE SUBMITTED WITH THE JOINT STATUS REPORT.**

**7. DEADLINES FOR AMENDMENTS AND DESIGNATION OF EXPERTS:** The deadline for the filing of amended pleadings is **October 26, 2005**. The plaintiff SHALL file a designation of the name and address of each expert witness by **October 7, 2005**. The defendant and other parties SHALL file designations of the name and address of each expert witness by **October 26, 2005**.

**8. DEADLINE FOR COMPLETION OF DISCOVERY:** All discovery, including that of expert witnesses, must be COMPLETED—*not merely initiated*—by **November 14, 2005**.

**9. DEADLINE FOR JOINT MOTION SUBMISSION:** All Joint Submissions of Dispositive Motions must be filed by **November 30, 2005**.

**10. PRETRIAL DISCLOSURES:** Pretrial disclosures under Rule 26(a)(3) shall be made by **December 15, 2005**.

---

[11] Because of criminal cases and older civil matters on this Court's docket, the assigned Magistrate Judge will not only be able to reach this case for trial much sooner, but will also be able to give the attorneys and witnesses a special setting for trial on a specific date.

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 6** M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

11. **PRETRIAL MATERIAL:** The following pretrial material SHALL be filed by **January 13, 2006**.

    a. **A joint pretrial order** - which covers each matter listed in Local Rule 16.4 and which also states (I) whether the case is <u>jury or non-jury</u>, and (ii) whether the parties will agree to try this case before Magistrate Judge Kaplan if this Court is not able to reach it for trial at the scheduled time. **NOTE:** If an attorney does not participate in the preparation of the joint pretrial order, the opposing attorney SHALL file a separate pretrial order and explain why the joint order is not being submitted.

    b. **Each party's list of the witnesses** - which SHALL (I) have separate sections for "probable witnesses," "possible witnesses," "experts" and "record custodians," and (ii) state the name and address of each witness, followed by a *very brief* statement of the matters to be covered in the testimony of each witness.

    c. **Each party's list of exhibits** to be offered at trial.[12]

    d. **Each party's designation of portions of depositions** to be offered at trial.

    e. **Each party's (I) requested jury instructions and issues** and **proposed voir dire questions**; or, **(ii) proposed findings of fact and conclusions of law.**

    f. **Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money. To avoid such a cancellation, counsel should complete settlement negotiations at least one day prior to the date scheduled for trial and should notify the court immediately if a settlement is reached.**

12. **PRETRIAL CONFERENCE:** The final pretrial conference is set for **FRIDAY, February 3, 2006 at 10:00 A.M.** The attorneys who will conduct the trial SHALL attend, with full authority to enter into stipulations concerning matters (e.g., admissibility of exhibits) that may reduce the time and expense of trial.

13. **TRIAL:** The trial of this case is set on this Court's <u>four-week docket</u> beginning **Monday, February 6, 2006**. It is not possible for the Court to set the specific day and time for the

---

[12] **CAVEAT: Trial exhibits must be marked and exchanged in compliance with Local Rule 26.2.**

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 7**      M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

trial of this case until it completes the pretrial conferences for the criminal and older civil cases on the month's trial docket.  <u>Telephone calls made before then about the possible trial date will simply waste your time and ours</u>.

14. **<u>MISCELLANEOUS</u>:**

    a. **<u>Discovery Rules</u>**: The federal discovery rules will apply to this case, EXCEPT THAT initial disclosures under Rule 26(a)(1) and conferences under Rule 26(f) *are not required.*

    b. **<u>Extension Of Time:</u>** Any deadline set in this Scheduling Order MAY BE EXTENDED BY AGREEMENT so long as the agreed extension does not change the trial date, pretrial conference date, or joint motion submission deadline.  The parties may simply notify the Court *by letter* of any agreed extensions of time; a formal motion and order *are not required (or even welcomed).*

    c. **<u>Motions For Continuance</u>:** A motion for continuance of a trial setting must be signed by the moving party as well as by the attorney for that party.  Local Rule 40.1.

    d. **<u>Motions To Dismiss</u>:** Motions to Dismiss SHALL NOT be combined with Motions for Summary Judgment, and any "Motion To Dismiss" contained in a so-called "Motion To Dismiss, Or In The alternative, Motion For Summary Judgment," is automatically DENIED by this paragraph.

    e. **<u>Motions For More Definite Statement</u>:** Except for Fed. R. Civ. P. 9(b) motions complaining of *failure to plead fraud or mistake with particularity,* a motion for more definite statement MAY ONLY BE FILED where the information sought cannot be obtained by discovery.  Local Rule 12.1.

    f. **<u>Motions For Reconsideration</u>:** Motions for Reconsideration SHALL NOT exceed 15 pages in length; they MUST BE LIMITED to matters not previously raised by the motions or briefs.  A response SHOULD NOT be filed to a Motion For Reconsideration unless the Court specifically requests one.

    g. **<u>Non-Dispositive Motions</u>:** All motions that would not dispose of all or part of a case are governed by Local Rules 7.1 and 7.2.[13]

15. **<u>FOR FURTHER INFORMATION</u>:**

---

[13] All dispositive motions are, of course, governed by paragraphs 5 and 9 of this Order. **Briefs may not exceed 40 pages, and reply briefs are limited to 20 pages.**

      a.    Contact **Magistrate Judge Kaplan at (214) 753-2400** with any questions about pleadings and discovery disputes or about non-dispositive motions.

      b.    Visit the Northern District of Texas web site at:
          **http:\\www.txnd.uscourts.gov**

      c.    Contact the Law Clerk assigned to this case, at (214) 753-2295, with any questions about pending motions or other matters.

**It is so ORDERED.**

**SIGNED this 2nd day of August, 2005.**

_____
**JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

**GW EQUITY LLC, et. al. V. PBS GLOBAL, INC., et. al.**
**3:05-CV-0800-R**
**SCHEDULING ORDER—PAGE 9**    M:\USER\BISHOP\WPTEXT\SCHEDULE\CIVIL\2006\2006_jk.wpd

## Exhibit A
## Northern District Civil Litigation Standards

*Adapted from Section II of* Dondi Properties Corp. v. Commerce Savings and Loan Ass'n, 121 F.R.D. 284, 286 (N.D. Tex. 1988) (en banc), *decided July 14, 1988 by the Judges of the Northern District of Texas, sitting* en banc. *[Porter, Chief Judge, Sanders, acting Chief Judge, and Woodward, Mahon, Belew, Robinson, Buchmeyer, Fish, Maloney, Fitzwater, and Cummings, District Judges].*

The judicial branch of the United States Government is charged with responsibility for deciding cases and controversies and for administering justice. We attempt to carry out our responsibilities in the most prompt and efficient manner, recognizing that justice delayed, and justice obtained at excessive cost, is often justice denied.[1]

We address today a problem that, though of relatively recent origin, is so pernicious that it threatens to delay the administration of justice and to place litigation beyond the financial reach of litigants. With alarming frequency, we find that valuable judicial and attorney time is consumed in resolving unnecessary contention and sharp practices between lawyers. Judges and magistrates of this court are required to devote substantial attention to refereeing abusive litigation tactics that range from benign incivility to outright obstruction. Our system of justice can ill-afford to devote scarce resources to supervising matters that do not advance the resolution of the merits of a case; nor can justice long remain available to deserving litigants if the costs of litigation are fueled unnecessarily to the point of being prohibitive.

As judges and former practitioners from varied backgrounds and levels of experience, we judicially know that litigation is conducted today in a manner far different from years past. Whether the increased size of the bar has decreased collegiality, or the legal profession has become only a business, or experienced lawyers have ceased to teach new lawyers the standards to be observed, or because of other factors not readily categorized, we observe patterns of behavior that forebode ill for our system of justice.[2] We now adopt standards designed to end such conduct.

A.

We begin by recognizing our power to adopt standards for attorney conduct in civil actions and by determining, as a matter of prudence, that we, rather than the circuit court, should adopt such standards in the first instance.

By means of the Rules Enabling Act of 1934, now codified as 28 U.S.C. § 2072, Congress has authorized the Supreme Court to adopt rules of civil procedure. The Court has promulgated rules that empower district courts to manage all aspects of a civil action, including pretrial scheduling and planning (Rule 16) and discovery (Rule 26(f)). We are authorized to protect attorneys and litigants from practices that may increase their expenses and burdens (Rules 26(b)(1) and 26(c)) or may cause them annoyance, embarrassment, or oppression (Rule 26(c)), and to impose sanctions upon parties or attorneys who violate the rules and orders of the court (Rules 16(f) and 37). We likewise have the power by statute to tax costs, expenses, and attorney's fees to attorneys who unreasonably and vexatiously multiply the proceedings in any case. 28 U.S.C. § 1927. We are also granted the authority to punish, as contempt of court, the misbehavior of court officers. 18. U.S.C. § 401. In addition to the authority granted us by statute or by rule, we possess the inherent power to regulate the administration of justice. *See Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir. 1986) (federal courts possess inherent power to assess attorney's fees and litigation costs when losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc) (district court has inherent power to award attorney's fees when losing party has acted in bad faith in actions that led to the lawsuit or to the conduct of the litigation).

We conclude also that, as a matter of prudence, this court should adopt standards of conduct without awaiting action of the circuit court. We find support for this approach in *Thomas*, where, in the Rule 11 context, the Fifth Circuit noted the singular perspective of the district court in deciding the fact-intensive inquiry whether to impose or deny sanctions. The court noted that trial judges are "in the best position to review the factual circumstances and render an informed judgment as [they are] intimately involved with the case, the litigants, and the attorneys on a daily basis." 836 F.2d at 873. We think the circuit court's rationale for eschewing "second-hand review of the facts" in Rule 11 cases may be applied to our adopting standards of litigation conduct: "'the district court will have a better grasp of what is acceptable trial-level practice among litigating members of the bar than will appellate judges.'" *Id*. At 873 (quoting *Eastway Construction Corp. v. City of New York*, 637 F.Supp. 558, 566 (E.D.N.Y. 1986)).

B.

We next set out the standards to which we expect litigation counsel to adhere.

The Dallas Bar Association recently adopted "Guidelines of Professional Courtesy" and a "Lawyer's Creed"[3] that are both sensible and pertinent to the problems we address here. From them we adopt the following as standards of practice[4] to be observed by attorneys appearing in civil actions in this district:

(A)   In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.

(B)   A lawyer owes, to the judiciary, candor, diligence and utmost respect.

(C)   A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.

    (D)      A lawyer unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity.

    (E)      Lawyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times.

    (F)      A client has no right to demand that counsel abuse the opposite party or indulge in offensive conduct. A lawyer shall always treat adverse witnesses and suitors with fairness and due consideration.

    (G)      In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor towards opposing lawyers.

    (H)      A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client.

    (I)      Lawyers will be punctual in communications with others and in honoring scheduled appearances, and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.

    (J)      If a fellow member of the Bar makes a just request for cooperation, or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent.

    (K)      Effective advocacy does not require antagonistic or obnoxious behavior and members of the Bar will adhere to the higher standard of conduct which judges, lawyers, clients, and the public may rightfully expect.

Attorneys who abide faithfully by the standards we adopt should have little difficulty conducting themselves as members of a learned profession whose unswerving duty is to the public they serve and to the system of justice in which they practice.[5] Those litigators who persist in viewing themselves solely as combatants, or who perceive that they are retained to win at all costs without regard to fundamental principles of justice, will find that their conduct will prompt an appropriate response from the court, including the range of sanctions the Fifth Circuit suggests in the Rule 11 context: "a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Thomas*, 836 F.2d at 878.[6]

We do not, by adopting these standards, invite satellite litigation of the kind we now see in the context of Fed. R. Civ. P. 11 motions. To do so would defeat the fundamental premise which motivates our action. We do intend, however, to take the steps necessary to ensure that justice is not removed from the reach of litigants either because improper litigation tactics interpose unnecessary delay or because such actions increase the cost of litigation beyond the litigant's financial grasp.[7]

Similarly, we do not imply by prescribing these standards that counsel are excused from conducting themselves in any manner otherwise required by law or by court rule. We think the standards we now adopt are a necessary corollary to existing law, and are appropriately established to signal our strong disapproval of the practices that have no place in our system of justice and to emphasize that a lawyer's conduct, both with respect to the court and to other lawyers, should at all times be characterized by honesty and fair play.

**Notes:**

1. We do so in the spirit of Fed. R. Civ. P. 1, which provides that the federal rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

2. Nor are we alone in our observations. In December 1984 the Texas Bar Foundation conducted a "Conference on Professionalism." The conference summary, issued in March 1985, recounts similar observations from leading judges, lawyers, and legal educators concerning the subject of lawyer professionalism.

3. The Dallas Bar Guidelines and Creed have been distributed in a previous edition of *Headnotes*.

4. We also commend to counsel the American College of Trial Lawyers' Code of Trial Conduct (rev. 1987).

5. We note that these standards are consistent with both the American Bar Association and State Bar of Texas Codes of Professional Responsibility. *See e.g.*, ethical considerations EC 7-10, EC 7-36, EC 7-37, and EC 7-38.

6. We draw the parallel to Fed. R. Civ. P. 11 with the *caveat* that we are not adopting Rule 11 jurisprudence in the context presented here.

7. We note, by way of example, the Dallas Bar Association guideline that eliminates the necessity for motions, briefs, hearings, orders, and other formalities when "opposing counsel makes a reasonable request which does not prejudice the rights of the client." This salutary standard recognizes that every contested motion, however simple, costs litigants and the court time and money. Yet our court has experienced an increasing number of instances in which attorneys refuse to agree to an extension of time in which to answer or to respond to a dispositive motion, or even to consent to the filing of an amended pleading, notwithstanding that the extension of time or the amended pleading would delay neither the disposition of a pending matter nor the trial of the case.

**Exhibit B**

**Joint Motion Submission Format**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| Defendant. | § | |

**JOINT MOTION SUBMISSION**

The following documents are submitted in compliance with the Scheduling Order dated _____.

TAB A     Plaintiff's Motion for Summary Judgment and Brief in Support Thereof.

TAB B     Defendant's Response to Plaintiff's Motion for Summary Judgment and Brief in Support Thereof

TAB C     Plaintiff's Reply to Response to Motion for Summary Judgment and Brief in Support Thereof

TAB D     Joint Appendix

                            Respectfully submitted,
                            SMITH & JONES
                            HARRY L. SMITH
                            Tx. Bar No. 00000001
                            2430 Freedom Highway
                            Dallas, TX 75299
                            (214) 767-0000 - Telephone
                            (214) 767-0001 - Facsimile

CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 5, Federal Rules of Civil Procedure, on _____(Date).

                            _____